JASON D. FIRTH (Nevada Bar No. 8801)
jfirth@bhfs.com
JEFFREY S. RUGG (Nevada Bar No. 10978)
jrugg@bhfs.com
LAURA BIELINSKI (Nevada Bar No. 10516)
lbielinski@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:   (702) 382-2101
Facsimile:    (702) 382-8135

Attorneys for Plaintiff
NEW YORK-NEW YORK HOTEL &
CASINO, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NEW YORK-NEW YORK HOTEL & CASINO, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>RONNIE KATZIN, an individual d/b/a NEWYORKNEWYORK.COM, INC., and NEWYORKNEWYORK.COM, INC., an entity of unknown form,<br><br>Defendants. | Case No. 09-cv-02139-LDG-RJJ<br><br>**ORDER GRANTING PLAINTIFF NEW YORK-NEW YORK HOTEL & CASINO'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NEWYORKNEWYORK.COM, INC.** |

UPON CONSIDERATION of Plaintiff New York-New York Hotel & Casino, LLC's ("Plaintiff") Motion for Default Judgment against Defendant NewYorkNewYork.com, Inc. ("Defendant"), heard by the Court on July 27, 2010, the accompanying points and authorities, the record in this case, and for other good cause shown;

IT IS HEREBY ORDERED that default judgment is hereby entered in favor of Plaintiff and against Defendant, on Plaintiff's claims for cybersquatting under 15 U.S.C. § 1125(d), and

12381\353\1429467.1

trademark infringement under 15 U.S.C. § 1114, and, it is further ordered and adjudged that said Judgment shall include the following specific findings of fact and award of specific relief:

    a. Plaintiff's NEW YORK NEW YORK trademarks ("Plaintiff's Marks") are famous and were distinctive at the time Defendant registered the domain name <newyorknewyork.com> (the "Infringing Domain Name");

    b. Defendant registered and used the Infringing Domain Name with the bad faith intent to profit therefrom;

    c. Defendant made commercial use of a trademark confusingly similar to Plaintiff's Marks by utilizing the Infringing Domain Name to obtain web traffic;

    d. Plaintiff and Defendant are competitors on the Internet for Internet consumers;

    e. Defendant's use of Plaintiff's Marks in connection with the registration of the Infringing Domain Name and the services provided on the website associated with the Infringing Domain Name is likely to cause confusion as to the source and origin of Defendant's services;

    f. Should Defendant's use of a mark confusingly similar to Plaintiff's Marks continue, Plaintiff will continue to suffer irreparable injury to the goodwill and reputation it has established in its Marks for which an award of damages would be inadequate;

    g. Should Defendant's use of marks confusingly similar to Plaintiff's Marks continue, Plaintiff will continue to suffer irreparable injury in that Plaintiff's Marks will lose their capacity to identify Plaintiff's goods and services, for which an award of damages would be inadequate;

    h. Defendant has acted willfully in its infringement of Plaintiff's Marks;

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant NewYorkNewYork.com, Inc. and its employees, agents, representatives and all others in active concert or participation with it, are hereby permanently enjoined from using Plaintiff's Marks, or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags);

12381\353\1429467.1

IT IS FURTHER ORDERED that Defendant is permanently enjoined from registering or trafficking in any domain names containing Plaintiff's Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

IT IS FURTHER ORDERED that Defendant is permanently enjoined from using the Infringing Domain Name, <newyorknewyork.com>, or any other variation of Plaintiff's Marks used in any letter string in any domain name;

IT IS FURTHER ORDERED that the registration for the Infringing Domain Name, <newyorknewyork.com>, shall be transferred to Plaintiff;

IT IS FURTHER ORDERED that the current registrar of the Infringing Domain Name, Network Solutions, LLC, shall effectuate the domain name transfer, permanently transferring the registration of the Infringing Domain Name, <newyorknewyork.com>, to Plaintiff;

IT IS FURTHER ORDERED that Defendant pay Plaintiff nominal damages for corrective advertising of $1,000.00;

IT IS FURTHER ORDERED that Defendant pay Plaintiff statutory damages of $100,000.00 pursuant to the Anti-cybersquatting Consumer Protection Act; and

IT IS FURTHER ORDERED that jurisdiction of this case shall be retained by this Court for the purpose of enforcement of this Judgment.

ENTERED this 29 day of July 2010.

_____
UNITED STATES DISTRICT JUDGE

3

12381\353\1429467.1