UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NEW YORK-NEW YORK HOTEL & CASINO, LLC,

    Plaintiff,

v.

RONNIE KATZIN, *et al.*,

    Defendants.

Case No. 2:09-cv-02139-LDG (RJJ)

**ORDER**

    The plaintiff, New York-New York Hotel & Casino, LLC, filed a complaint against Ronnie Katzin and NewYorkNewYork.com, Inc. (See Court's Docket #1.) The plaintiff alleged that the registration and use of the domain name "NewYorkNewYork.com" constituted cyber-squatting, that defendants infringed plaintiff's marks by using them on the NewYorkNewYork.com website, and that defendants intentionally interfered with plaintiff's prospective economic advantage. Katzin, who is not an attorney, attempted to file an answer on behalf of both himself and the defendant corporation, NewYorkNewYork.com, Inc. (See Court's Docket #7.) The court subsequently granted plaintiff's motion to strike the answer as to the defendant corporation, entered default against the defendant corporation, and granted default judgment against the defendant corporation. (See Court's

Docket ## 22, 24, 31.)  The plaintiff now moves for summary judgment against Katzin (See Court's Docket #33), which motion Katzin opposes (See Court's Docket #35).

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law.  Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim.  *Anderson,* 477 U.S. at 248.  The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Id*.  "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."

*Celotex*, 477 U.S. at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

<u>Analysis - Cyber-squatting</u>

Apparently recycling its memorandum in support of its motion for a preliminary injunction, the plaintiff argues that it "is likely to succeed on the merits of its [cyber-squatting] claim." (Court's Docket, #25, at 13, ll. 3-6, 24-25). Summary judgment, however, requires that plaintiff establish every element of its cyber-squatting claim against Katzin, rather than showing only a likelihood that it can establish every element of its claim. As pertinent to the present matter, the Anti-cybersquatting Consumer Protection Act (ACPA) provides:

> [A] person shall be liable in a civil action by the registrant of a mark . . . if, without regard to the goods or services of the parties, that person –
>    (i)   has a bad faith intent to profit from that mark . . .; and
>    (ii)  registers, traffics in, or uses a domain name that --
>        (I)   in the case of a mark that is distinctive at the time of registration of the domain name is identical or confusingly similar to that mark; [or]
>       (II)  in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark . . . .

15 U.S.C. §1125(d)(1)(A).

The plaintiff has established that its '031, '032, and '508 marks were distinctive. As a mark for resort or hotel services not provided in the City of New York or the state of New York, and for casino facilities and entertainment services, New York New York is a distinctive mark. New York New York does not describe hotel services or casino facilities or entertainment services. The plaintiff has further established that the marks were distinctive at the time Katzin registered the domain name. The plaintiff filed its applications for these marks in September 1995. The marks were registered in 1998. As such, the plaintiff is entitled to constructive first use of the marks as of September 1995, on the date the applications were filed. *See*, 15 U.S.C.A. § 1057(c). Katzin has not offered evidence creating a material issue of fact whether plaintiff's marks were distinctive in December 1995.

Katzin registered the domain name NewYorkNewYork. This domain name is identical to or confusingly similar to plaintiff's New York New York marks.

The plaintiff argues that Katzin *registered* the domain name with a bad faith intent to profit from plaintiff's mark. In support of the argument, the plaintiff offers evidence that MGM Grand, Inc., plaintiff's predecessor in interest, announced its plan to develop the New York New York Hotel & Casino in 1994. The plaintiff filed its initial trademark applications in September 1995. Katzin registered the domain name in December 1995. In his deposition, Katzin acknowledged that he lacks any trademark rights in the domain name. The plaintiff further asserts, and Katzin has not disputed, that he did not use the domain name or any part of the domain name in connection with the bona fide offering of goods or services before he registered the domain name.

While it is undisputed that Katzin registered the domain name after MGM Grand announced its plan to develop the New York New York Hotel & Casino, the plaintiff has not offered any evidence that Katzin was aware of MGM Grand's plans when he registered the domain name. Further, while Katzin lacked any trademark rights in the domain name when

4

he registered it, and while he otherwise had not previously used the domain name, these factors do not, standing alone or taken together, establish a bad faith intent as a matter of law. Absent from the record is any evidence that the plaintiff had an online location from which Katzin intended to divert consumers when Katzin registered the domain name in late 1995. The record further lacks any evidence that Katzin ever offered to sell the domain name to the plaintiff or a third party for financial gain without having used or intended to use the name. Also absent from the record is any evidence that Katzin had registered or acquired multiple domain names identical or confusingly similar to distinctive or famous trademarks of others. On this record, the Court cannot agree that plaintiff has shown, as a matter of law, that Katzin *registered* the domain name with a bad faith intent to profit from plaintiff's marks.

The plaintiff also argues that Katzin subsequently *used* the domain name with a bad faith intent to profit from the plaintiff's marks. As depicted in Exhibit 6 to the plaintiff's motion, the plaintiff has shown that in November 2009, the home page and several other pages of the website associated with the domain name displayed an image of the plaintiff's New York New York Hotel located in Las Vegas. Immediately next to this image, the website displayed the words NEW YORK NEW YORK LAS VEGAS HOTEL & CASINO, in approximately the following layout:

NEW YORK
NEW YORK
LAS VEGAS HOTEL & CASINO

Both the image and the words were displayed against a yellow background that was distinct from the remainder of the web pages. Internet users who clicked on the plaintiff's marks were re-directed to a web page that used Expedia's hotel reservation service to enable internet users to book hotel reservations in Las Vegas, NV. Katzin's use of plaintiff's mark would not direct internet users to plaintiff's website to book hotel

reservations with the plaintiff, but would instead direct the internet users to a webpage on which the internet users could reserve a room for plaintiff's hotel, or for another Las Vegas hotel, through Expedia. Katzin received a commission payment from Expedia for each hotel room that was booked through Expedia's hotel reservation service and was then used. Katzin's use of the plaintiff's mark in this context cannot be considered as bona fide noncommercial or fair use of the plaintiff's mark. Rather, Katzin intended to divert consumers to a web page other than the plaintiff's online location in order to profit from the plaintiff's goodwill.

     Katzin argues that, because New York New York is the name of a city and the state in which that city is located, he could not infringe the plaintiff's marks by creating a website accessible through the NEWYORKNEWYORK domain name that advertises or markets products and services in or related to the city or state of New York. The extent to which New York New York is not or is not a distinctive mark referencing the city or state of New York would have weight if the website only concerned products or services related to the city or state of New York. Katzin did not, however, so limit his use of the website. Rather, on the website accessed through the NEWYORKNEWYORK domain name, Katzin also prominently and expressly depicted the plaintiff's marks in the context of hotel services not located in the city or state of New York. Further, having used the plaintiff's marks in the context of hotel and casino services not in the city or state of New York, Katzin did not re-direct consumers to plaintiff's online location (a location for which Katzin would not receive any payments if consumers booked and used a room in plaintiff's hotel). Instead, Katzin used the plaintiff's mark to re-direct consumers to an online location from which Katzin would profit if the consumer booked and used a room in Las Vegas. Accordingly, regardless of whether Katzin initially intended to limit his use of NEWYORKNEWYORK domain name to not infringe the plaintiff's marks, the Court finds that the plaintiff has

established that by November 2009 Katzin used the NEWYORKNEWYORK domain name with a bad faith intent to profit from plaintiff's marks.

### Analysis - Trademark Infringement

The plaintiff has shown that it owns the New York New York mark, and that such mark is a valid, protectable mark for resort/hotel services, not provided in the City of New York or the state of New York. The plaintiff has further shown that the defendant used a confusingly similar mark likely to cause confusion in consumers about the source of products. In the context of resort/hotel services not located in the city or state of New York, but rather as a mark for a hotel and casino located in Las Vegas, Nevada, the NEW YORK NEW YORK marks are distinctive. The services offered by the plaintiff and Katzin are closely related. The plaintiff offers hotel services in Las Vegas. Katzin used the mark to offer hotel reservation services for hotels in Las Vegas. The similarity of the marks is undisputed, given that Katzin used an identical version of the plaintiff's marks on the website accessed through a domain name composed of the same words comprising plaintiff's marks. Katzin testified that he was contacted by some consumers attempting to locate the plaintiff's online location. Both Katzin and the plaintiff use the internet to market their services. Katzin's use of marks identical to plaintiff's marks in connection with an image depicting plaintiff's hotel demonstrate's an intent to cause confusion. Taken together, the court finds that Katzin's use of the plaintiff's New York New York marks on the website was likely to cause confusion.

### Remedy

The plaintiff asks this court for a permanent injunction against Katzin to permanently transfer the newyorknewyork.com domain name to the plaintiff. The Court previously granted plaintiff's request for default judgment against co-defendant NewYorkNewYork.com, Inc. In connection with that default judgment, and with the present motion, the plaintiff represented to the Court that the newyorknewyork.com domain name

7

was registered to NewYorkNewYork.com, Inc.  The plaintiff requested that the Court enter a permanent injunction requiring the registrar, Network Solutions, LLC, to permanently transfer the registration of the newyorknewyork.com domain name to the plaintiff.  The Court granted that relief.  The plaintiff has not offered any evidence that this Court's judgment against NewYorkNewYork.com, Inc., did not result in the permanent transfer of the newyorknewyork.com domain name to the plaintiff.  As the plaintiff has not offered any evidence that the newyorknewyork.com domain name is presently registered to Katzin, the Court will not order the transfer of the domain name from Katzin to the plaintiff.

The plaintiff asks this court to award the maximum statutory damages against Katzin under ACPA in the amount of $100,000.00, suggesting that Katzin's adopting and using of the plaintiff's marks is egregious and that he "brazenly positioned himself to profit from the substantial goodwill Plaintiff has built over the years."  The Court cannot agree with plaintiff that Katzin's conduct in using the newyorknewyork domain name warrants the imposition of maximum statutory damages under ACPA.  While the Court has found that Katzin used the domain name with the bad faith intent to profit from plaintiff's mark, such finding does not require a finding that maximum statutory damages are appropriate.  Rather, ACPA provides for statutory damages ranging from $1,000 to $100,000.

The record does not permit a conclusion that, when Katzin originally registered the domain name in 1995, he did so with a bad faith intent to profit from the plaintiff's marks.  Further, the record lacks any evidence to suggest that, between December 1995 and November 2009, Katzin used the newyorknewyork domain name to access a web site that used the plaintiff's marks.  Further, as Katzin has noted, New York, New York is the name of a city and the state in which that city is located.  The plaintiff has not offered any evidence that, during the period from 1995 through November 2009, Katzin used the website accessed by the newyorknewyork domain name for any purpose not related to the City of New York or the state of New York.  While the plaintiff has shown that Katzin used

plaintiff's marks on the website beginning in November 2009, the use of that mark redirected consumers to Expedia's hotel reservation services, with whom the plaintiff had entered into an agreement regarding the reservation of the plaintiff's hotel rooms. The Court recognizes that a consumer could also use the Expedia hotel reservation service to reserve hotel rooms from plaintiff's competitors in Las Vegas. Katzin also removed the plaintiff's marks from the website shortly after this lawsuit was filed. Accordingly, the Court will award statutory damages of $1,000.00 and nominal damages for corrective advertising of $1,000.00.

The Court will also enter permanent injunctive relief against Katzin to prevent further infringement.

Accordingly, for good cause shown,

THE COURT **ORDERS** that plaintiff's Motion for Summary Judgment (#33) is GRANTED.

DATED this ___27___ day of October, 2010.

_____
Lloyd D. George
United States District Judge

9